U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 3 2013

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH K. HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-574-A |
| | § | |
| UTOPIA FITNESS, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(7) of the Federal Rules of Civil Procedure, filed by defendant, Utopia Fitness, Inc.; and a motion to strike exhibit B of defendant's motion to dismiss, filed by plaintiff, Joseph K. Harris. A response was filed to both motions, and defendant filed a reply in support of its motion to dismiss. After considering the motions, responsive pleadings, plaintiff's complaint, and applicable legal authorities, the court concludes that both the motion to strike and the motion to dismiss should be denied.

I.

Plaintiff's Claims and the Grounds for the Motion to Dismiss

Plaintiff alleged the following in his original complaint: Plaintiff entered into an agreement with defendant for fitness

training. Plaintiff terminated his agreement the day after entering it, without utilizing defendant's services. Defendant charged plaintiff's debit card after plaintiff requested that it not be charged, and the payment was denied for insufficient funds. Defendant assigned the debt to Outsource Services, Inc., d/b/a Heritage Payment Recovery ("Heritage") for collection. Heritage then began calling plaintiff on his cell phone and continued to call plaintiff's cell phone even though plaintiff verbally told Heritage to stop calling and mailed a cease and desist letter. Plaintiff received at least six "robo-calls" from Heritage. Plaintiff claims that defendant is liable under the Telephone Consumer Protection Act for the actions Heritage took on defendant's behalf.

Defendant argues for dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted and for dismissal pursuant to Rule 12(b)(7) for failure to join an indispensable party.

II.

Analysis

A. Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of an action if the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

Defendant argues that plaintiff's complaint should be dismissed because plaintiff's claims against defendant are barred by a confidential settlement agreement between plaintiff and Heritage. However, no settlement agreement is mentioned in plaintiff's compliant, and the court "will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). Further, this argument would be more appropriate for a motion for summary judgment. However, as the court has not given notice that it will consider extrinsic matters, the court will not construe the instant motion to dismiss as a motion for summary judgment. Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(6) should be denied.

B.  Motion to Dismiss Pursuant to Rule 12(b)(7)

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows dismissal for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7). "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." HS Res., Inc. v. Wingate, 327 F.3d 432, 438 (5th Cir. 2003); Fed. R. Civ. P. 19(a). Rule 19 also "provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." HS Res., Inc., 327 F.3d at 438; Fed. R. Civ. P. 19(b).

3

Resolution of a motion to dismiss for failure to join an indispensable party involves a two-part inquiry. <u>Hood v. City of Memphis, Tenn.</u>, 570 F.3d 625, 628 (5th Cir. 2009). The court first determines if the party should be added under the following provisions of Rule 19(a):

> (a) Persons Required to Be Joined if Feasible.
>
>> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>>
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>>
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

If the court concludes that a party is necessary following the application of Rule 19(a)(1), a determination is then required as to whether the party is "indispensable, that is, whether litigation can be properly pursued without the absent

4

party." Hood, 570 F.3d at 629; see also Shelton v. Exxon Corp., 843 F.2d 212, 218 (5th Cir. 1988). In deciding whether to allow the action to proceed the court considers the factors set forth in Rule 19(b).

The movant bears the initial burden of demonstrating that an absent person or entity is a required party; if an initial appraisal of the facts demonstrates that such is the case, the burden is shifted to the party opposing joinder. Hood, 570 F.3d at 628.

Defendant argues that Heritage is a required party under Rule 19. Defendant asserts that Heritage is necessary for complete resolution of the dispute in this action because Heritage has a right of indemnity against plaintiff under the confidential settlement agreement. Defendant further claims that pursuant to a debt collection agreement, Heritage has an obligation to pay defendant's attorney's fees and other litigation fees arising from this action, and that such obligation, together with Heritage's right of indemnity against plaintiff, gives Heritage a legally protected interest related to the subject of this action. Defendant also asserts that due to Heritage's obligation to pay defendant's attorney's fees and litigation costs, Heritage's absence will be prejudicial to itself and to plaintiff and that such prejudice cannot be

5

lessened or avoided by any protective provisions or other measures by the court. Therefore, defendant claims that any judgment rendered without Heritage will be inadequate. Defendant finally asserts that Heritage cannot be joined due to the confidential settlement agreement between plaintiff and Heritage, and that in the event of dismissal, plaintiff would still have an adequate remedy because he has already received payment under the settlement with Heritage.

However, defendant has failed to carry its burden to show that Heritage is a necessary party under Rule 19(a)(1). It is well-settled that Rule 19 does not require joinder of joint tortfeasors, of a principal and agent, or of persons against whom a party may have a claim for contribution or indemnity. Nottingham v. Gen. Am. Commc'ns Corp., 811 F.2d 873, 880-81 (5th Cir. 1987). Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(7) must be denied.

C. Motion to Strike Exhibit B of Motion to Dismiss

Plaintiff filed a motion to strike exhibit B of defendant's motion to dismiss, which is a confidentiality agreement between plaintiff and Heritage. Plaintiff asserts that defendant has violated the confidentiality provisions of the agreement by failing to file it under seal or with redaction. However, a review of the agreement shows that defendant is not a signatory

to the agreement and therefore would not bound by any confidentiality provisions therein.  Further, plaintiff has made no motion to seal the agreement.  Plaintiff has also made no showing that redaction is necessary under Rule 5.2 of the Federal Rules of Civil Procedure or any other applicable rule or legal authority.  Therefore, plaintiff's motion should be denied.

III.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, denied.

The court further ORDERS that plaintiff's motion to strike defendant's exhibit B be, and is hereby, denied.

SIGNED October 3, 2013.

JOHN McBRYDE
United States District Judge